Xu v. Wilkinson

BIA
Cohen, IJ
A206 583 107

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-one.

PRESENT:
  JOSÉ A. CABRANES,
  JOSEPH F. BIANCO,
  WILLIAM J. NARDINI,
   *Circuit Judges.*

_____

HONGFANG XU,
  *Petitioner,*

  v.         **19-11**
              **NAC**

MONTY WILKINSON, ACTING UNITED STATES ATTORNEY GENERAL,
  *Respondent.*[1]

_____

**FOR PETITIONER:**    Jed S. Wasserman, Esq., New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Monty Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, Senior Litigation Counsel; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hongfang Xu, a native and citizen of the People's Republic of China, seeks review of a December 7, 2018, decision of the BIA affirming a November 3, 2017, decision of an Immigration Judge ("IJ"), denying Xu's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Hongfang Xu,* No. A 206 583 107 (B.I.A. Dec. 7, 2018), *aff'g* No. A 206 583 107 (Immig. Ct. N.Y. City Nov. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's decision, which in turn upheld a number of the IJ's factual findings as not clearly erroneous. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d

Cir. 2005). The BIA denied relief based solely on Xu's failure to show a nexus to a protected ground or that she would more likely than not be tortured. We address only those dispositive determinations and do not address Yang's arguments regarding the IJ's other findings. We will uphold the agency's factual determination if it is supported by substantial evidence – that is, "unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To be eligible for asylum, an applicant must show that she has suffered past persecution, or has a well-founded fear of future persecution, on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42) (defining "refugee"), 1158(b) (giving Attorney General discretion to grant certain refugees asylum). "To establish persecution on account of a political opinion, an asylum applicant must show that the persecution arises from his or her own actual or imputed political opinion." *Koudriachova v. Gonzales*, 490 F.3d 255, 263 (2d Cir. 2007). The persecutor must act from

3

more than a "generalized 'political' motive." *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992).

Under certain circumstances, opposition to government corruption may constitute a political opinion for purposes of asylum. *See Castro v. Holder*, 597 F.3d 93, 100–01 (2d Cir. 2010). Opposing corruption for self-interested reasons lacks the requisite political motivation, whereas "opposition to endemic corruption . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir. 2005).

Substantial evidence supports the agency's determination that Xu did not establish she had a political opinion or that her alleged persecutors attributed an opinion to her. When asked by the IJ to articulate her protected ground, Xu's counsel stated, "Okay, her political opinion, I guess . . . she was deprived of her business . . . and of her economic interest," adding that that "was the best [he could] come up with." Xu did not establish that her motivation behind any of her actions (loaning her relative money or resisting

4

confessing to illegal activity) transcended her own self-interest or that she "undertook to vindicate the rights of . . . other persons." *Ruqiang Yu v. Holder*, 693 F.3d 294, 299 (2d Cir. 2012) (finding evidence of nexus where applicant intervened on behalf of fellow workers to protest state-sponsored wage theft). Moreover, Xu testified the government sought to "scam her," released her from detention only after she paid them, and did not arrest her on any other occasion. Thus, the record reflects that Xu was, at most, the victim of "acts of greed or malfeasance" by the government — which does not support a claim of political persecution. *Castro*, 597 F.3d at 101. Xu's failure to show a nexus to a protected ground was dispositive of both asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b).

The agency's denial of CAT protection is also supported by substantial evidence. Xu had the burden to show that she was "more likely than not to be tortured." 8 C.F.R. § 1208.16(c). Xu did not meet this burden. Her brief detention, in which she did not suffer any injuries, did not rise to the level of torture. 8 C.F.R. §§ 1208.16(c)(3) (listing past torture as consideration in determining

likelihood of future torture), 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). Her only other support for her CAT claim was country conditions evidence that some individuals in prison in China are tortured and that there are widespread human rights abuses. Evidence of general conditions is insufficient support for a CAT claim absent evidence that someone in the applicant's "particular alleged circumstances" will likely be tortured. *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6